| | |
|---|---|
| NITHYA VINAYAGAM, | Case No. 2:18-cv-01206-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES DEPARTMENT OF LABOR ADMINISTRATIVE REVIEW BOARD, et al., | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

Presently before the court is plaintiff Nithya Vinayagam application to proceed *in forma pauperis* (ECF No. 4), filed on July 12, 2019.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    SCREENING COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, plaintiff's amended complaint (ECF No. 6) is a single page and contains only the intended corrections he seeks to make to his original complaint. Plaintiff's amended complaint does not allege any facts related to the basis of this lawsuit. Plaintiff is advised that court cannot refer to a prior pleading or other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court therefore will dismiss plaintiff's complaint without prejudice for plaintiff to file a second amended complaint.

If plaintiff chooses to file an amended complaint, the document must be titled "Second Amended Complaint." The second amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give defendants fair notice of her claims against them and her entitlement to relief. Plaintiff is advised that if he files an amended

complaint, the first amended complaint (ECF No. 6) no longer serves any function in this case. As stated above, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

### III. CONCLUSION

IT IS THEREFORE ORDERED that application to proceed *in forma pauperis* (ECF No. 4) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the first amended complaint (ECF No. 6) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that plaintiff shall have until **August 19, 2019**, to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: July 19, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE