UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NITHYA VINAYAGAM,<br><br>  Plaintiff,<br><br>  v.<br><br>US DEPARTMENT OF LABOR,<br>ADMINISTRATIVE REVIEW BOARD,<br>et. al.,<br><br>  Defendants. | Case No. 2:18-cv-01206-RFB-DJA<br><br>**ORDER** |

Before the Court for consideration is Plaintiff Nithya Vinayagam's MOTION to Amend 20 Amended Complaint (ECF No. 26).

**I.    BACKGROUND**

On July 2, 2018, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), attaching her Complaint against Defendants. ECF No. 1. After denying and allowing her to refile the IFP motion, the Court granted the motion on July 19, 2019. ECF Nos. 3, 4, 7. In that same order, the Court dismissed her first amended complaint, finding that it failed to state a claim upon which relief could be granted. The Court granted her leave to file an amended complaint. See ECF No. 7. Plaintiff filed her second amended complaint on August 16, 2019. Once again, the Court dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted. ECF No. 11. The Court's March 23, 2020 Order noted that it was unclear, based on the

allegations, whether it could even assert subject matter and personal jurisdiction over this action. Further, there appeared to be significant venue and res judicata issues. Id. As a result, the Court allowed Plaintiff to file an amended complaint by April 23, 2020. Id. Plaintiff failed to comply, and Magistrate Judge, Daniel J. Albregts, submitted a Report and Recommendation on April 27, 2020, recommending dismissal of this action without prejudice for failure to comply. ECF No. 12, 15. Without any response to the Report and Recommendation, the undersigned agreed with Judge Albregts. See ECF No. 15.

On August 3, 2020, Plaintiff filed a motion to vacate the Court's Judgment, following dismissal of her action. ECF No. 17. She asserted that she was not able to respond to the Report and Recommendation because the COVID-19 pandemic had disrupted international mail exchanges, and therefore Plaintiff requested that she be allowed to file her third amended complaint. Id. The Court found this constituted a reasonable excuse and granted Plaintiff partial relief from the Judgment to determine whether an amended complaint could cure the deficiencies in her earlier pleadings. ECF No. 18. Plaintiff was given an opportunity to file a motion for reconsideration with her proposed third amended complaint for the Court's consideration. Id.

On May 29, 2021, Plaintiff filed a motion for reconsideration and an amended complaint. ECF Nos. 19, 20. On March 31, 2022, the Court evaluated Plaintiff's third amended complaint and found that it violated Federal Rules of Civil Procedure 8, 10, 18, and 20. ECF No. 25. Nevertheless, the amended complaint appeared to state at least some claims which it could recognize. The Court, however, was still unable able to discern Plaintiff's claims and which Defendants the claims were brought against. Id. Accordingly, the Court granted Plaintiff's motion for reconsideration in part, allowing Plaintiff one final opportunity to file a complaint that followed the Federal Rules of Civil

/ / /

Procedure. Id. Plaintiff then filed the instant motion to amend the complaint, attaching the proposed Fourth Amended Complaint. See ECF No. 26.

This Order follows.

## II. LEGAL STANDARD

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Each allegation must be simple, concise, and direct. Each claim must be stated in numbered paragraphs, and each numbered paragraph limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10. Pursuant to Federal Rule if Civil Procedure 20(a)(2), Defendants may only be permissively joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Amendment of pleadings, if requested before the deadline to do so, is governed by Rule 15 of the Federal Rules of Civil Procedure. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006). Rule 15 states that courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

As a preliminary matter, the Court does not find that granting leave to amend would cause undue delay or prejudice Defendants. Defendants have yet to be served with the operative complaint in this action and no dispositive motions have been filed. The Court is therefore left to consider whether granting leave to amend would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada County, 119 F.3d 1385, 1393 (9th Cir. 1997). Courts must "liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of a pro se litigant's complaint, however, "inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (cleaned up).

#### a. General Allegations

Plaintiff's proposed Fourth Amended Complaint asserts 28 causes of action stemming from her 2007 recruitment by Eis Technologies's ("Eis") to work in Georgia through the United States's H-1B Visa Program. She moved from India to serve as a Senior Consultant, but alleges that, in doing so, she was subjected to misrepresentations regarding her H-1B visa petition. Even though she thought she would work for Eis, when she arrived in the United States her employer was actually Cronous. In addition to failing to pay her certain wages, these Defendants asked her to engage in fraudulent work-related conduct, which she refused to do. Eis and Cronous jeopardized her visa status, including by misrepresenting that Cronous was shutting down,. Plaintiff alleges that she then filed a wage and hour complaint in 2009 with the U.S. Department of Labor ("DOL") – Wage and Hour Division ("WHD") in Atlanta, Georgia. The case was decided against her and she appealed to the U.S. Court of Appeals for Ninth Circuit. Further, Plaintiff secured back wages

as a result of a 2011 settlement of a civil lawsuit filed in Atlanta, Georgia against Eis, Cronous, Swapna Pasham (Cronous's president), Kiran Pasham (Eis's vice president), and Naveen Miglani (Eis and Cronous's owner and principle). She alleges, however, that this settlement is invalid because it was agreed to under fraudulent conditions.[1] She also alleges that WHD employees engaged in fraudulent conduct, including concealing facts pertinent facts related to her WHD complaint. Plaintiff ended up appealing, pro se, the U.S. DOL's Administrative Review Board ("ARB") decision of her complaint with the District Court of Nevada in June 2018.[2] As a result of this conduct, Plaintiff is unable to return to the United States or get a job, including in India.

Plaintiff's proposed Fourth Amended Complaint names Eis, Cronous, Swapna Pasham, Kiran Pasham, Naveen Miglani, Neelam Miglani (Cronous's CEO), Vikram Sudini (Eis and Cronous's human resources manager), and Kowsala Rajendra (Eis and Cronous's accountant). In addition to naming WHD and the ARB, the complaint also names Linda Sneed, a wage and hour investigator for the DOL in Atlanta, Georgia and Debra Brown, the assistant district director of the DOL. The amended complaint challenges alleged visa fraud and fraud in foreign labor contracting committed by Eis and Cronous. She also asserts RICO claims and various fraud-based claims against Eis, Cronous, and their officers, directors, and employees. She also alleges federal tort claims against WHD and ARB. Finally, Plaintiff seeks damages and the lifting of United the States's ban on her entering the country.

    b. **Causes of Action**

        i. **FTCA Based Causes of Actions**

---

[1] She alleges that attorneys she hired to represent her in proceedings related to the WHD complaint also engaged in fraudulent conduct against her. She filed separate complaints against these attorneys, and they are not named as Defendants in the instant proposed fourth amended complaint.

[2] Plaintiff's original complaint was attached to her July 2018 motion to proceed IFP. See ECF No. 1.

As a preliminary matter, the Court finds that allowing Plaintiff's Federal Tort Claims Act based causes of actions to proceed against WHD, ARB, Sneed, and Brown would be futile. These are proposed causes of action Twenty Three through Twenty Eight. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from lawsuits against them. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Additionally, "[t]he FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000). Section 2680 of 28 U.S.C. limits the United States's waiver of sovereign immunity under the FTCA by its bar of a tort claim for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added).

All Plaintiff's FTCA causes of action allege that WHD, ARB, Sneed, and Brown misrepresented and deceived her and others regarding her WHD complaint. The FTCA, however, has not waived sovereign immunity for claims like these which sound in fraud and misrepresentation. See Kim v. United States, 940 F.3d 484, 492 (9th Cir. 2019). Therefore, the proposed Fourth Amended Complaint's Twenty Third Cause of Action, Twenty Fourth Cause of Action, Twenty Fifth Cause of Action, Twenty Sixth Cause of Action, Twenty Seventh Cause of Action, and Twenty Eighth Cause of Action would all fail as a matter of law. Therefore, the Court finds that allowing amendment in favor of all these causes of action would be futile.[3]

### ii. Federal Criminal Statute Based Causes of Action

---

[3] None of Plaintiff's causes of action name Sneed and Brown, except those under the FTCA. Moreover, the proposed Fourth Amended Complaint does not allege they acted outside the scope of their employment. Therefore, despite the proposed complaint recognizing Sneed and Brown as individuals, the Court does not construe any causes of action against them as being raised in their individual capacities.

The proposed Fourth Amended Complaint raises numerous causes of action pursuant to federal statutes. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979)). The Court reviews each of these causes of action to determine whether allowing them to be amended into Plaintiff's amended complaint would be futile.

### 1. Proposed Causes of Action that are Futile

The Court finds the allowing Plaintiff to add the following causes of action would be futile. The First Cause of Action is against Defendants Eis and Cronous for visa fraud in violation of 18 U.S.C. §§ 371 and 1324(a). The Second Cause of Action is against Defendants Eis and Cronous for fraud in foreign labor contracting in violation of 18 U.S.C. § 1351. The Sixth Cause of Action is against Defendant Swapna Pasham for perjury in violation of 18 U.S.C. § 1621. The Seventh Cause of Action is for wire fraud against Defendants Eis and Cronous in violation 18 U.S.C. § 1343. The Eighth Cause of Action is for alleged mail fraud against Defendant Eis and Cronous in violation of 18 U.S.C. § 1341. The Ninth Cause of Action is against Defendants Swapna Pasham and Vikram Sudini for willful submission of false statements to the federal government in violation of 18 U.S.C. § 1001. The Fifteenth Cause of Action is against Defendants Swapna Pasham and Vikram Sudini for fraud and misuse of a visa in violation of 18 U.S.C. § 1546(a). The Seventeenth Cause of Action is against Defendant Cronous for transmitting threats in interstate communications in violation of 18 U.S.C. § 875. The Eighteenth Cause of Action is against Defendant Cronous for attempted extortion and blackmail in violation 18 U.S.C § 873. Lastly, the Nineteenth Cause of Action is alleged against Defendant Cronous for an attempt to evade or defeat tax in violation of 26 U.S.C. § 7201.

These statutes, however, do not give rise to private causes of action. See Henry v. Universal Tech. Inst., 559 Fed. App'x 648, 650 (9th Cir. 2014) (affirming dismissal of claim under 18 U.S.C. § 371 because the statute does not provide for a private right of action); Gonzales v. Caremore Health Plan, Inc., No. 15-cv-1499, 2015 WL 6394467, at *2 (C.D. Cal. Oct. 22, 2015) (finding no private right of action in 18 U.S.C. 1324(a)); Kemp v. Place All. L.L.C., No. 22-CV-262-PGB-LHP, 2022 WL 3136895, at *3 (M.D. Fla. June 15, 2022), report and recommendation adopted, No. 22-CV-262-PGB-LHP, 2022 WL 3136884 (M.D. Fla. July 11, 2022) (finding no private right of action available under 18 U.S.C. § 1351); Valero v. Bac Home Loans Servicing, LP, 667 F. App'x 255 (9th Cir. 2016) (finding that there is not private civil right of action provided by 18 U.S.C. §§ 1621, 1341, 1343); Willems v. Apartment Inv. & Mgmt. Co. AIMCO, 72 F. App'x 700, 701 (9th Cir. 2003) (finding that "18 U.S.C. § 1001 does not provide a private right of action"); Govindharajan v. Tata Consultancy Servs., Ltd., No. 19-CV-10017, 2020 WL 4016109, at *9 (S.D.N.Y. July 16, 2020) (finding no private right of action available under 18 U.S.C. § 1546(a)); Walsh v. Krantz, 386 F. App'x 334, 336 (3d Cir. 2010) (affirming district court dismissal that found that there was no "private right of enforcement" for violations of 18 U.S.C. § 875); Afshari v. Montana Black Gold, No. 20-5362, 2020 WL 9217980, at *3 (6th Cir. Dec. 17, 2020) (affirming district court finding that there was no private right of action for a violation of 18 U.S.C. § 873); Lemke v. Jander, No. 20-CV-362, 2021 WL 778653, at *4 (S.D. Cal. Mar. 1, 2021) (finding that "there is no private right of action in 26 U.S.C. § 7201").

Separately, the Seventh, Eighth, and Nineteenth Causes of Action seem to assert that the named Defendants violated 31 U.S.C. § 3729(a)(1)(G). This statute is part of the False Claims Act, 31 U.S.C. § 3729. Such a claim, however, requires a relator, and "a relator cannot pursue a FCA

/ / /

claim pro se." United States ex rel. Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791, 800 n.2 (9th Cir. 2017).

Next, the Sixteenth Cause of Action is alleged against Defendants Kowsala Rajendra and Swapna Pasham for retaliation in violation of 20 C.F.R. §655.801. There is, however, no indication that 20 C.F.R. §655.801 provides Plaintiff a private right of action.

Lastly, the Twenty First Cause of Action is alleged against Defendant Vikram Sudini for defamation. Plaintiff cites 28 U.S.C. § 4101 for this cause of action. This statute, however, only contains definitions used when litigants are seeking enforcement of foreign judgments against United States citizens who are entitled to First Amendment protections. 28 U.S.C. § 4101. Specifically, "[i]n August 2010, Congress adopted the SPEECH Act ("Securing the Protection of our Enduring and Established Constitutional Heritage Act."), . . . 28 U.S.C. §§ 4101–4105." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 1004 n.22 (9th Cir. 2013). The "law makes foreign defamation judgments unenforceable in the United States unless it can be shown that such judgments satisfy the protections of freedom of speech and press guaranteed by both the First Amendment to the United States Constitution and the constitution of the state in which the domestic court is located." Id. Similarly, the Twelfth Cause of Action against Defendant Cronous for breach of contract also cites to a statute defining terms in the Fair Labor Standards Act. See 29 U.S.C. § 203. Accordingly, under the facts alleged by Plaintiff, her proposed cause of action for defamation and breach of contract fail as a matter of law.

In conclusion, the Court finds that allowing Plaintiff to add these causes of action, as alleged in the proposed Fourth Amended Complaint, would be futile because there is no indication that the alleged violations of these statutes provide Plaintiff with a private right of action.

**2. Proposed Causes of Action that are not Futile**

The Court, however, finds that allowing Plaintiff to amend the following causes of action as alleged in the proposed Fourth Amended Complaint would not be futile: (1) the Tenth Cause of Action against Defendants Eis and Cronous for involuntary servitude in violation of 18 U.S.C. § 1584 and forced labor in violation of 18 U.S.C. § 1589 and (2) the Eleventh Cause of Action against these Defendants for trafficking with respect to peonage, slavery, involuntary servitude, or forced labor in violation of 18 U.S.C. § 1590. Although these are criminal statutes, 18 U.S.C. § 1595 confers a private right of action against those alleged to violate these statutes. See 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . in an appropriate district court of the United States and may recover damages and reasonable attorneys fees."). Providing that Plaintiff alleges more facts, the Court finds that amendment under these causes of action would not be futile.

Additionally, the Twenty Second Cause of Action is alleged against Defendants Eis and Cronous for a Civil RICO violation. "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks omitted). Providing that Plaintiff alleges more facts, the Court finds that amendment to this cause of action would not be futile.

### c. Jurisdiction and the Rest of the Causes of Action

Finally, the Court notes that it has some doubt as to whether it has jurisdiction over this matter. The proposed Fourth Amended Complaint asserts that this Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. § 1964 for Plaintiff's Civil RICO claims. Whether federal question jurisdiction exists in a given case is governed by the "well-pleaded complaint rule." Caterpillar

Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936).

Yet, the following causes of action do not cite federal statutes: the Third Cause of Action against Defendant Eis for fraudulent misrepresentation, the Fourth Cause of Action against Defendants Eis and Cronous for fraud and false promise, the Fifth Cause of Action against Defendants Eis and Cronous for fraudulent concealment, the Thirteenth Cause of Action against Defendant Cronous for promissory fraud, the Fourteenth Cause of Action against Defendant Swapna Pasham for unlawful termination, and the Twentieth Cause of Action against Defendants Eis and Cronous for intentional infliction of emotional distress. Additionally, presuming that these are intended to be state law causes of action, the proposed amended complaint does not assert that this Court has supplemental jurisdiction over them. Indeed, the supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists.

Moreover, the factual allegations seem to suggest that the events underlying all Plaintiff's causes of action took place in a different state. Therefore, it is unclear whether the facts, as alleged, make a prima facie showing that this Court has personal jurisdiction over the Defendants. See Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) ("Absent an evidentiary hearing this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.").

Nevertheless, the Court, for the reasons stated above, does not find amendment in this matter to be futile. Because it is unclear whether this Court has jurisdiction over these remaining

/ / /

causes of action, Plaintiff is granted leave to amend to add allegations supporting this Court's jurisdiction and clarifying under what statutes these remaining causes of action are brought under.

### d. Summary

The Court acknowledges that it previously told Plaintiff that it would allow her one final opportunity to file a complaint that followed the Federal Rules of Civil Procedure. The Court finds that, liberally construing her proposed Fourth Amended Complaint, she has complied. The Court nonetheless finds that the deficiencies discussed above warrant Plaintiff being granted leave to amend to address them.

The Court finds that providing leave to amend the following proposed causes of action and allegations would not be futile: the Third Cause of Action, the Fourth Cause of Action, the Fifth Cause of Action, the Tenth Cause of Action, the Eleventh Cause of Action, the Thirteenth Cause of Action, the Fourteenth Cause of Action, the Twentieth Cause of Action, and the Twenty Second Cause of Action. Additionally, Plaintiff is granted leave to amend the proposed Twelfth Cause of Action (Breach of Contract), the Sixteenth Cause of Action (Retaliation), and the Twenty First Cause of Action (Defamation) if she can properly allege them asserting a proper federal or state statute. As discussed above, Plaintiff is also granted leave to allege additional facts asserting the Court's jurisdiction over these causes of action and the remaining Defendants.

The Court, however, will not grant Plaintiff leave to amend to add the following proposed causes of action to her complaint, because it finds that doing so would be futile: the First Cause of Action, the Second Cause of Action, the Sixth Cause of Action, the Seventh Cause of Action, the Eighth Cause of Action, the Ninth Cause of Action, the Fifteenth Cause of Action, the Seventeenth Cause of Action, the Eighteenth Cause of Action, the Nineteenth Cause of Action, the Twenty Third Cause of Action, Twenty Fourth Cause of Action, the Twenty Fifth Cause of Action, the

Twenty Sixth Cause of Action, the Twenty Seventh Cause of Action, and the Twenty Eighth Cause of Action. The Court also finds that, under the facts alleged, Plaintiff cannot assert causes of action against WHD, ARB, Sneed, and Brown.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's MOTION to Amend 20 Amended Complaint (ECF No. 26) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff shall until **April 27, 2023** to file a motion to amend her complaint and attach a complaint consistent with this Order.

**DATE**: March 31, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**