# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nithya Vinayagam, | Case No. 2:18-cv-01206-RFB-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| U.S. Dep't of Labor – Administrative Review Board; et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se*. (ECF No. 7). Plaintiff has moved to amend her complaint. (ECF No. 31). Because the Court finds that Plaintiff's proposed amendment would be futile, it recommends denying Plaintiff's motion to amend.

**I.     Factual background.**

Plaintiff's proposed amended complaint asserts twenty-six causes of action stemming from her 2007 recruitment by Eis Technologies to work in Georgia through the United States' H-1B Visa Program. She moved from India to serve as a Senior Consultant, but alleges that, in doing so, she was subjected to misrepresentations regarding her H-1B visa petition. Even though she thought she would work for Eis, when she arrived in the United States, her employer was actually Cronous. In addition to failing to pay her certain wages, these Defendants asked her to engage in fraudulent work-related conduct, which she refused to do. Eis and Cronous jeopardized her visa status, including by misrepresenting that Cronous was shutting down. Plaintiff alleges that she then filed a wage and hour complaint in 2009 with the U.S. Department of Labor ("DOL") – Wage and Hour Division ("WHD") in Atlanta, Georgia. The case was decided against her and she appealed to the U.S. Court of Appeals for Ninth Circuit. Further, Plaintiff secured back wages as a result of a 2011 settlement of a civil lawsuit filed in Atlanta, Georgia against Eis,

Cronous, Swapna Pasham (Cronous's president), Kiran Pasham (Eis's vice president), and Naveen Miglani (Eis and Cronous's owner and principal). She alleges, however, that this settlement is invalid because it was agreed to under fraudulent conditions. She also alleges that WHD employees engaged in fraudulent conduct, including concealing pertinent facts related to her WHD complaint. Plaintiff ended up appealing, *pro se*, the U.S. DOL's Administrative Review Board ("ARB") decision of her complaint with the District Court of Nevada in June 2018. As a result of this conduct, Plaintiff is unable to return to the United States or get a job, including in India.

Plaintiff's proposed fifth amended complaint names Eis, Cronous, Swapna Pasham, Kiran Pasham, Naveen Miglani, Neelam Miglani (Cronous's CEO), Vikram Sudini (Eis and Cronous's human resources manager), and Kowsala Rajendra (Eis and Cronous's accountant). Plaintiff also names the lawyers—and their offices—who represented her in proceedings related to the WHD complaint: Kyle James Todd; the Law Offices of Kyle Todd; Andrew F. Pierce; Scott M. Berman; Jacquetta May Lannan; Thomas J. MiHill; Peirce Shearer, LLP; Paul M. Heller; Heller Immigration Law; and the Adams Law Offices. Plaintiff seeks damages and the lifting of the United States's ban on her entering the country.

## II.   **Procedural background.**

On July 2, 2018, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), attaching her Complaint against Defendants. (ECF No. 1). After denying and allowing her to refile the IFP motion, the Court granted the motion on July 19, 2019. (ECF Nos. 3, 4, 7). In that same order, the Court dismissed her first amended complaint, finding that it failed to state a claim upon which relief could be granted. The Court granted her leave to file an amended complaint. *See* (ECF No. 7). Plaintiff filed her second amended complaint on August 16, 2019. Once again, the Court dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted. (ECF No. 11). The Court's March 23, 2020 Order noted that it was unclear, based on the allegations, whether it could even assert subject matter and personal jurisdiction over this action. Further, there appeared to be significant venue and res judicata issues. (*Id.*). As a result, the Court allowed Plaintiff to file an amended complaint by April 23, 2020. (*Id.*). Plaintiff failed

to comply, and the undersigned recommended dismissal of this action without prejudice for failure to comply. (ECF No. 12, 15).

Without any response to the report and recommendation, the assigned district judge—the Honorable District Judge Richard F. Boulware—adopted the report and recommendation. *See* (ECF No. 15). On August 3, 2020, Plaintiff filed a motion to vacate the Court's judgment, following dismissal of her action. (ECF No. 17). She asserted that she was not able to respond to the report and recommendation because the COVID-19 pandemic had disrupted international mail exchanges, and therefore Plaintiff requested that she be allowed to file her third amended complaint. (*Id*). The Court found this constituted a reasonable excuse and granted Plaintiff partial relief from the judgment to determine whether an amended complaint could cure the deficiencies in her earlier pleadings. (ECF No. 18). Plaintiff was given an opportunity to file a motion for reconsideration with her proposed third amended complaint for the Court's consideration. (*Id*). On May 29, 2021, Plaintiff filed a motion for reconsideration and an amended complaint. (ECF Nos. 19, 20). On March 31, 2022, the Court evaluated Plaintiff's third amended complaint and found that it violated Federal Rules of Civil Procedure 8, 10, 18, and 20. (ECF No. 25). Nevertheless, the amended complaint appeared to state at least some claims which it could recognize. The Court, however, was still unable able to discern Plaintiff's claims and which Defendants the claims were brought against. (*Id*). Accordingly, the Court granted Plaintiff's motion for reconsideration in part, allowing Plaintiff one final opportunity to file a complaint that followed the Federal Rules of Civil Procedure. (*Id*).

On April 29, 2022, Plaintiff moved to amend her complaint. (ECF No. 29). The Court screened Plaintiff's complaint on March 31, 2023. (ECF No. 29). In that order, the Court found some of Plaintiff's claims futile, but found others were not futile and gave Plaintiff leave to amend again, despite previously stating that Plaintiff had one final opportunity. Plaintiff moved to amend her complaint, attaching a proposed fifth amended complaint on April 27, 2023. (ECF No. 31).

### III. Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. *Plaintiff has brought her complaint in the wrong venue.*

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court shall dismiss or transfer an action laying venue in the wrong district." *Fulkerson v. calPERS*, No. 3:20-cv-00251-MMD-CLB, 2020 W 6948184, at *2 (D. Nev. July 13, 2020) (citing *Au-Yang v. Citibank, N.A.*, 872 F.2d 426 (9th Cir. 1989) (holding that the selection between options of dismissal and transfer for improper venue is a matter of discretion)).

In the Court's previous screening orders, it repeatedly noted that Plaintiff's complaints raised significant venue and jurisdiction issues. (ECF No. 11 at 3); (ECF No. 29 at 10-12). In the most recent screening order, the Court noted that "the factual allegations seem to suggest that the events underlying all Plaintiff's causes of action took place in a different state. Therefore, it is

unclear whether the facts, as alleged, make a prima facie showing that this Court has personal jurisdiction over the Defendants." (ECF No. 29 at 11).  The Court thus gave Plaintiff leave to amend her complaint "to add allegations supporting this Court's jurisdiction and clarifying under what statutes [her causes of action alleged without reference to any statute] are brought under." (*Id.* at 12).

      Plaintiff's fifth amended complaint ties her causes of action to California and Georgia law, confirming that the events underlying her case did not take place in Nevada.  However, while Plaintiff cites the supplemental jurisdiction statute—28 U.S.C. § 1367—her amended complaint does not explain why this Court would have personal jurisdiction over the Defendants or why Nevada is the appropriate venue for her case.  Indeed, Plaintiff's only reasoning why the Court has jurisdiction over Defendants is because Plaintiff brought her claim here while she was living in Nevada.[1]  Plaintiff does not allege that any Defendants reside in Nevada.  Nor does she indicate that a substantial part of the events or omissions giving rise to her claims occurred in Nevada.  And Plaintiff does not indicate that any Defendants are subject to personal jurisdiction[2] in Nevada.

---

[1] The address Plaintiff provided on her initial application to proceed *in forma pauperis* was a Nevada address.  Plaintiff has since updated her address to one in India.

[2] Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) (*citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980)). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. (*citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id.* (*citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015).  Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be established in one of two ways: "general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984).  In this case, Plaintiff pleads no facts in support of Nevada's exercise of personal jurisdiction under either theory.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend her complaint (ECF No. 31) be **denied.**

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 26, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE