# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NITHYA VINAYAGAM, | Case No. 2:18-cv-01206-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. DEPT LABOR-ADMINISRATIVE [Sic.] REVIEW BOARD, *et al.*, | |
| Defendants. | |

Before the Court for consideration is the Report and Recommendation (ECF No. 32) of the Honorable Brenda Weksler, United States Magistrate Judge, entered October 26, 2023, and Plaintiff's Motion to Transfer Venue (ECF No. 35). Because the Report and Recommendation provides a detailed factual and procedural background, the Court will not provide a full recitation of either here.

**I.    REPORT AND RECOMMENDATION**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due

by November 9, 2023. No objections have been filed.

On April 27, 2023, Plaintiff, acting *pro se*, moved to amend the operative complaint and provided a proposed Fifth Amended Complaint (ECF No. 31). This proposed complaint ties Plaintiff's causes of action to California and Georgia, not Nevada. Further, the proposed complaint does not allege any named defendant resides in Nevada. Because Plaintiff is proceeding *in forma pauperis*, Judge Weksler screened the proposed complaint in her October 26th Report and Recommendation. Judge Weksler determined that the Plaintiff had brought her complaint in the wrong venue and, further, that Plaintiff had pleaded insufficient facts to support the exercise of personal jurisdiction by this Court. On this basis, Judge Weksler's recommendation was that Plaintiff's motion to amend her complaint be denied. Subsequently, on November 8, 2023, Plaintiff filed a Motion to Transfer Venue (ECF No. 35).

The Court has reviewed the record in this case and concurs with the Magistrate Judge's findings but, in light of the subsequent Motion to Transfer Venue, declines to adopt Judge Weksler's recommendation. Plaintiff's proposed Fifth Amended Complaint tied her causes of action to California and Georgia law, confirming that the events underlying her case did not take place in Nevada. While Plaintiff cited supplemental jurisdiction, the Court finds Plaintiff has not explained why this Court would have personal jurisdiction over the Defendants or why Nevada is the appropriate venue for her case. 28 U.S.C. § 1367 (providing the requirements of supplemental jurisdiction); 28 U.S.C. § 1367 (providing the requirements for venue). However, as discussed below, the Court grants a properly brought Motion to Transfer Venue, the Court finds the Report and Recommendation is moot. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); King v. Russell, 963 F.2d 1301 (9th Cir. 1992) (discussing the district courts' discretion in applying § 1406).

II.   **MOTION TO TRANSFER VENUE**

The Court now turns to Plaintiff's Motion to Transfer Venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). In making this evaluation, courts may consider several factors, including:

> "(1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Id. at 498-99.

In her motion, Plaintiff argues this action should be transferred to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

The Court finds that the balance of the factors weighs in favor of transfer. Plaintiff's proposed Amended Complaint identifies Atlanta, Georgia as a major locus of the events and relevant law underpinning her claims. Her motion identifies the Northern District of Georgia as her preferred forum. Further, the Court finds that Plaintiff is proceeding *pro se* from outside the United States and may have been unaware of the proper forum See Munns v. Kerry, 782 F.3d 402, 415 (9th Cir. 2015) ("We ordinarily find transfer to be in the interest of justice where. . . the plaintiffs appear to have been 'unaware of or confused about the proper forum in which to file [their] action.'") (quoting Puri v. Gonzales, 464 F.3d 1038, 1043 (9th Cir. 2006)). In addition, the Court finds that transfer would conserve judicial resources. See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (explaining dismissal of a claim that could be brought elsewhere is "time-consuming and justice-defeating.") (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). In sum, the Court finds that transfer of this matter is in the interest of justice.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Transfer Venue is **GRANTED**. The case is **ORDERED TRANSFERRED** to the United States District Court for

the Northern District of Georgia. The Clerk of Court is instructed to transfer the files of this case to the Northern District of Georgia and close this case.

      **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 32) of the Honorable Brenda Weksler, United States Magistrate Judge, entered October 26, 2023, is **REJECTED** as moot.

**DATED:** March 11, 2024.

                                                                                        _____
                                                                                     **RICHARD F. BOULWARE, II**
                                                                                      **UNITED STATES DISTRICT JUDGE**